UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIANA DURAN GARCIA,

        Plaintiff,        No. 15-12714

vs.        Hon. Gerald E. Rosen

JEH CHARLES JOHNSON, Secretary,
Department of Homeland Security, *et al.*,

        Defendants.
_____/

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR MOOTNESS

    At a session of said Court, held in
    the U.S. Courthouse, Detroit, Michigan
    on October 26, 2016

    PRESENT:  Honorable Gerald E. Rosen
                     United States District Judge

This case is presently before the Court on an Order to Show Cause entered on June 7, 2016 directing Plaintiff to show cause in writing why the Court should not grant the relief requested in Defendants' Motion to Dismiss for Mootness. Plaintiff has responded to the Show Cause Order. Having had the opportunity to review the parties' filings and the Court's entire record of this matter, for the reasons stated below, Defendants' Motion to Dismiss will be granted.

Plaintiff Mariana Duran Garcia filed this action seeking *de novo* review of the

USCIS's denial of her application for naturalization. After Plaintiff filed her complaint in this action, the USCIS *sua sponte* re-opened Plaintiff's application, and so notified Plaintiff on March 28, 2016. USCIS approved her application for naturalization on April 20, 2016, and on May 12, 2016, Plaintiff appeared, took the oath of citizenship, and became a United States citizen that day.

In light of the foregoing, Defendants moved to dismiss this action as moot. Because Plaintiff is now a United States citizen, and it, therefore, appeared to the Court that there is no longer any case or controversy for this Court to adjudicate, the Court issued an Order to Show Cause directing Plaintiff to show cause in writing why the Court should not grant the relief requested by Defendants and dismiss this case as moot.

Plaintiff, through counsel, has responded. Though Plaintiff does not dispute that she has been now granted the relief she had requested in her petition for judicial review of the final administrative denial of her N-400 Naturalization Application, Plaintiff maintains that the Court should not dismiss this action.

Plaintiff, however, provides the Court with no legal basis for keeping this case open other than for the consideration of awarding her attorneys' fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412 *et seq*.

The EAJA provides in relevant part,

> Except as otherwise specifically provided by statute, a court shall award a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or

> against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

A plaintiff may be a "prevailing party" for EAJA purposes even where, as here, the lawsuit is rendered moot by the granting of relief, as long as the plaintiff demonstrates that "it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Shu Chen v. Slattery*, 842 F. Supp. 597, 598 (D.D.C. 1994) (quoting *Public Citizen Health Research Group v. Young*, 909 F.2d 546, 550 (D.C.Cir. 1990).

> EAJA fee proceedings, however, generally are post-judgment proceedings:
>
> A party seeking an award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit to the court an application which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from an attorney... representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B). *See also Shu Chen v. Slattery*, *supra*. *Cf.* Fed. R. Civ. P. 54(d)(2) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. . . . [T]he motion must be filed no later than [30] days after the entry of

3

judgment.")  A final judgment for EAJA purposes includes a judgment of dismissal on mootness grounds.  *Shu Chen,* 842 F. Supp. at 598.

The foregoing makes clear that Plaintiff's request that the Court consider awarding her attorneys' fees pursuant to the EAJA is no bar to Defendants' request for dismissal of this action on mootness grounds.  Therefore,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Mootness **[Dkt. # 14]** is GRANTED.  Accordingly,

Plaintiff's Petition for Judicial Review of Final Administrative Denial of N-400 Naturalization Application **[Dkt. #1]** is DISMISSED in its entirety as moot, without prejudice to Plaintiff's right to apply for fees and costs in accordance with the provisions of the EAJA.

SO ORDERED.

s/Gerald E. Rosen
United States District Judge

Dated:  October 26, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 26, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

4